UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**GUERRA,**

   Plaintiff,

v.   No. 4:24-cv-01206-P

**KIA AMERICA, INC.,**

   Defendant.

# ORDER

   The Parties received multiple notices (ECF Nos. 4, 5) that they must comply with Local Rule 83.10(a), which requires the appearance of local counsel "where an attorney appearing in a case does not reside or maintain [their] principal office in this district." N.D. TEX. CIV. R. 83.10(a). The Court's first notice stated that the Parties "must comply with Local Rule 83.10(a) within 14 days or risk the possible dismissal of this case without prejudice or without further notice." ECF No. 4. The Second notice was sterner, stating that the "Court requires that litigants exercise strict compliance with the Local Rules" and that "failure to comply will result in the dismissal of this case without prejudice and without further notice." ECF No. 5. A review of the record reveals, however, that Plaintiff failed to comply with Local Rule 83.10(a) despite the Court's warnings that this would result in dismissal of this case.

   "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Maples*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).

The Court thus **ORDERS** that this case is **DISMISSED without prejudice** per Rule 41(b) of the Federal Rules of Civil Procedure.[1]

**SO ORDERED** on this **27th day of December 2024.**

_Mark T. Pittman_
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

[1] Should this dismissal without prejudice function as a dismissal with prejudice in this case, *see, e.g.*, *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188 (5th Cir. 1992) (discussing instances where dismissal without prejudice functions as with prejudice, such as when a suit would be time-barred if plaintiff were forced to refile), Plaintiff must notify the Court in a timely, appropriately argued, and supported motion for leave to proceed without local counsel.